UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24187-ELFENBEIN

**ODIANNA BIEN-AIME DAMUS**,

    Plaintiff,

v.

**JACKSON NORTH MEDICAL CENTER**,

    Defendant.
_____/

## ORDER TO AMEND

**THIS CAUSE** is before the Court on *pro se* Plaintiff Odianna Bien-Aime Damus's Complaint ("Complaint"), ECF No. [1], and her Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]. After reviewing the pleadings, record, and relevant law, the IFP Motion, **ECF No. [3]**, is **GRANTED.** Based upon the Court's review of the Complaint, Plaintiff must amend the Complaint, **ECF No. [1]**, consistent with this Order pursuant to § 1915(e)(2)(ii).

**I.**    **BACKGROUND**

The Complaint, which is contained on the Court's "Complaint for a Civil Case" form, sues Jackson North Medical Center (the "Defendant") in the case caption and indicates that the basis for jurisdiction is a federal question. *See* ECF No. [1] at 1-2. In the section where Plaintiff must give the basis for federal question jurisdiction, however, Plaintiff wrote nothing. *See* ECF No. [1] at 3. It appears that Plaintiff attempts to state an employment discrimination claim against Defendant as she includes allegations that her manager harassed her at work and took steps to have her fired, and that because her union counsel did not properly represent her, she lost her job. *See* ECF No. [1] at 4. Along with the Complaint, Plaintiff attached a right-to-sue letter from the Equal

Employment Opportunity Commission in which she made a claim for discrimination based on her national origin. *See* ECF No. [1] at 7-8.

## II.     LEGAL STANDARDS

In most situations,[1] a plaintiff who initiates a civil action in this District must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-cv-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited July 16, 2025). A plaintiff can avoid paying the filing fee by including along with the complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he or she "is entitled to redress." *See* 28 U.S.C. § 1915(a)(1).[2]

If a plaintiff files a motion to proceed IFP and submits the required affidavit, the court must first determine whether "the statements in the affidavit satisfy the requirement of poverty" such that the "affidavit is sufficient on its face to demonstrate economic eligibility." *See Martinez*, 364 F.3d at 1307 (quotation marks omitted). An "affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted).

---

[1] For an application for a writ of habeas corpus, the filing fee is $5. *See* 28 U.S.C. § 1914(a).

[2] Though the plain language § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted).

If the affidavit is facially sufficient, the court should "docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alteration adopted, quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2)(i) (instructing that a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious,"). A claim is frivolous if it "realistically has no better than a slight chance of success" or "lacks an arguable basis" in law or "in fact, for example, [by] asserting fantastic facts." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.1 (11th Cir. 1990). Section 1915(e) also requires the court to dismiss a complaint that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(ii). To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted). Finally, § 1915(e) requires the court to dismiss a complaint that "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(iii).

And, of course, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157,

1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. And while "*pro se* pleadings are liberally construed and federal courts should look beyond the label of the pleadings to determine whether they are properly characterized, a court may not serve as *de facto* counsel for a party or rewrite a pleading." *United States v. Cordero*, 7 F.4th 1058, 1068 (11th Cir. 2021) (citations and quotation marks omitted).

### III. DISCUSSION

As explained above, evaluating a non-prisoner complaint when the plaintiff has filed a motion to proceed IFP instead of paying the filing fee is a two-step process. First, the Court must determine whether the statements in the IFP affidavit facially satisfy the requirement of poverty and demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. Second, for those plaintiffs who satisfy the first step, the Court must screen the complaint to ensure that it is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). If the complaint fails to satisfy any one of these prongs, it is subject to dismissal. *Id.*

Plaintiff has satisfied the first step here. Based on her IFP affidavit averring she is "unable to pay the costs of these proceedings" and the financial information contained within the affidavit, the Court finds that, because of her poverty, she is unable to pay for the court fees and costs. *See Martinez*, 364 F.3d at 1307. The Court starts its analysis by looking at the Department of Health and Human Services ("HHS") poverty guidelines, as these are central to an assessment of an applicant's poverty. *See, e.g.*, id. at 1307 n.5 (comparing IFP applicant's affidavit to the HHS guidelines to determine he was above the poverty line and not absolutely destitute); *Sanchez v. Nordstrom, Inc.*, No. 20-CV-20017, 2020 WL 13401700, at *1 (S.D. Fla. Jan. 3, 2020); Annual

Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917, 5917–18 (Jan. 17, 2025). The § 1915 analysis also requires the Court to compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

In the IFP motion, Plaintiff avers that she is married with two dependents. *See* ECF No. [3] at 3. Thus, the Court must consider the poverty table as it relates to a four-person household. According to the 2025 HHS poverty table, a four-person household meets the poverty threshold with an annual income of $32,150 or less. *See* 90 Fed. Reg. at 5917. Here, Plaintiff states that she is unemployed and has unsteady income, that she anticipates earning $1,000 next month while her spouse anticipates earning $800 next month, and that she does not anticipate a change in income for the next 12 months. *See* ECF No. [3] at 1, 5. Based on Plaintiff's combined income with her spouse on an annualized basis, their income would be $21,600, which is well below the poverty threshold. Accordingly, the IFP Motion, **ECF No. [3]**, is **GRANTED**.

Moving to the second step, the Court must decide if the Complaint is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Because the Complaint fails to state a claim for relief, the Court need not analyze the other prongs, as the Complaint requires amendment on this basis alone.

Liberally construed, the Complaint arguably meets only the first requirement of Rule 8(a) in that it asserts the Court has federal question jurisdiction by checking that box on the standard Complaint. *See* ECF No. [1] at 3; Fed. R. Civ. P. 8(a)(1). Yet, the Complaint does not identify the specific basis for federal question jurisdiction as no statutory grounds are identified. But even liberally construed, the Complaint also fails to include a short and plain statement of a claim

showing Plaintiff is entitled to relief. *See generally* ECF No. [1]; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(2). As noted, the Complaint has minimal allegations of harassment in the workplace and notes that Plaintiff lost her job due to inadequate union representation. *See generally* ECF No. [1]. But she does not allege, for example, where she worked, when she worked there, the dates of the alleged harassment, what the alleged harassment consisted of, what steps her employer allegedly took to have her fired, when she was fired, and to the extent she claims she was fired because of her national origin, she fails to identify her national origin. Thus, the Complaint does not explain the legal theory (i.e. identify the federal statute(s)) under which Plaintiff seeks relief and fails to allege any non-conclusory facts supporting that legal theory.

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a)(2), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, Plaintiff must amend the Complaint to state a claim for relief.

IV.   CONCLUSION

For the above reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, is **GRANTED**. Plaintiff shall file an Amended Complaint, addressing the deficiencies identified herein, **no later than October 2, 2025**. Failure to timely file an Amended Complaint addressing the deficiencies in the original Complaint may result in a dismissal of Plaintiff's claims.

**DONE AND ORDERED** in Chambers in Miami, Florida on September 18, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

CASE NO. 25-CV-24187-ELFENBEIN

cc:

Odianna Bien-Aime Damus
2201 S. Shermon Circle
Miramar, FL 33025
PRO SE