UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24187-ELFENBEIN

**ODIANNA BIEN-AIME DAMUS**,

    Plaintiff,

v.

**JACKSON NORTH MEDICAL CENTER**,

    Defendant.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On September 15, 2025, *Pro se* Plaintiff Odianna Bien-Aime Damus filed a complaint against Jackson North Medical Center alleging what appears to be an employment discrimination claim. *See* ECF No. [1]. That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (the "IFP Motion"). *See* ECF No. [3]. On September 18, 2025, the Court granted the IFP Motion because the statements Plaintiff included in her IFP affidavit facially satisfied the requirement of poverty and demonstrated economic eligibility. *See* ECF No. [4] at 4.

---

[1] Pursuant to Administrative Order 2025-11, because this case includes as a party "a non-prisoner *pro se*" litigant, the undersigned United States Magistrate Judge was assigned as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment. To ensure that all parties understood their rights to opt out of Magistrate Judge jurisdiction without any adverse consequences, the undersigned issued an Order Explaining Magistrate Judge Jurisdiction and Providing Instructions to *Pro Se* Litigant on September 18, 2025. *See* ECF No. [5]. While Plaintiff did not elect to opt out of Magistrate Judge jurisdiction within the timeframe provided, *see* ECF No. [5] at 2–3, Defendant has not yet entered an appearance in this case. For that reason, Defendant cannot be deemed to have consented to Magistrate Judge jurisdiction by failing to opt out. *See* ECF No. [5] at 3. Accordingly, the undersigned will request that this case be transferred to a District Judge for further proceedings and will deal with Plaintiff's failure to comply with a court order in a Report and Recommendation instead of in an Order.

But the Court concluded Plaintiff's complaint failed to state a claim for relief because it failed to "identify the specific basis for federal question jurisdiction" and "include a short and plain statement of a claim showing Plaintiff is entitled to relief." *See* ECF No. [4] at 5–6.  As a result, the Court ordered Plaintiff to "file an Amended Complaint, addressing the deficiencies identified" in the order granting her IFP Motion no later than October 2, 2025.  *See* ECF No. [4] at 6.

The October 2 deadline passed without Plaintiff filing an Amended Complaint as the Court ordered her to do.  *See* ECF No. [6] at 1.  So the Court, for the second time, ordered Plaintiff to file an Amended Complaint addressing the deficiencies in the original Complaint.  *See* ECF No. [6] at 2.  In that order, the Court gave Plaintiff until October 13, 2025 to comply and, again for the second time, warned her that "failure to timely submit an Amended Complaint may result in dismissal of this action." *See* ECF No. [6] at 2.  The Court made clear that Plaintiff was being warned "for the last time" and being given a "final warning." *See* ECF No. [6] at 2.

Once again, Plaintiff's deadline has passed without Plaintiff filing an Amended Complaint.  If a party fails to comply with a court's "valid and lawful orders," that party may be held in civil contempt or have "monetary sanctions . . . assessed against" her.  *See, e.g.*, *Fouissi v. H. Trading Corp.*, No. 16-CV-23283 -Scola, 2017 WL 7796331, at *1 (S.D. Fla. Dec. 1, 2017); *cf. United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Similarly, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case. Again, its powers include those furnished by federal rule and by inherent authority." (citations omitted)); *cf.* Fed. R. Civ. P. 41(b).  The goal of this sanction is "to prevent undue delays in the disposition of pending cases and to avoid congestion

in the" court's calendar so that the court can "achieve the orderly and expeditious disposition of cases." *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted).

Because the Court has already given Plaintiff two opportunities to remedy the problems with her Complaint and has warned her twice that failure to do so may result in dismissal, *see* ECF No. [4] at 2; ECF No. [6] at 2, I respectfully **RECOMMEND** that the Court exercise its inherent power to **DISMISS** the Complaint, **ECF No. [1]**, **WITHOUT PREJUDICE**.  *See Foudy*, 845 F.3d at 1126; *Degen*, 517 U.S. at 827; *Equity Lifestyle*, 556 F.3d at 1240.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on October 15, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Odianna Bien-Aime Damus**
2201 S. Shermon Circle
Miramar, FL 33025
*PRO SE*